IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE LEE BRYANT                                                                                    PLAINTIFF

VS.                                                         CIVIL ACTION NO. 3:13cv1056-DPJ-FKB

FRANK SHAW, et al.                                                                              DEFENDANTS

## REPORT AND RECOMMENDATION

Willie Lee Bryant is a state prisoner incarcerated at the East Mississippi Correctional Facility. He brought this action pursuant to 42 U.S.C. § 1983 alleging that his rights have been violated by the denial of adequate bathroom breaks. On March 25, 2014, a *Spears* hearing was held at which Plaintiff was given the opportunity to testify concerning his claims. Having considered that testimony, the undersigned recommends that this action be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims concern the prison's policy of securing cell doors while inmates are involved in out-of-cell activities. Under the policy, cell doors are opened for ten minutes every hour so that inmates may use the toilet, retrieve necessary materials from the cell, or return to the cell to remain there until the next open-door period. The policy provides that inmates may request a medical exception. Plaintiff objects to the policy because it results in his not being able to use the toilet at will. This is particularly difficult for him, he alleges, because he takes medication which causes him to need to go to the toilet frequently. As a result of enforcement of this policy, Plaintiff has on numerous occasions been required to urinate in the shower. At the hearing, he acknowledged that he had not applied for a medical exception, insisting that he should not need a medical excuse to go to the bathroom when he needs to.

The Fifth Circuit has stated that a constitutional violation for prison conditions occurs only when two requirements are met:

> First there is an objective requirement that the condition "must be so serious as to 'deprive prisoners of the minimal civilized measure of life's necessities,' as when it denies the prisoner some basic human need." Second, under a subjective standard, we must determine whether the prison official responsible was "deliberately indifferent' to inmate health or safety."

*Woods v. Edwards*, 51 F.3d 577, 580 (5th Cir. 1995). The restrictions on Plaintiff's opportunity to go to the toilet do not rise to this level. *See Vacca v. Scott*, 199 Fed. Appx. 678, 679 (5th Cir. Jan. 19, 2005) (holding that prisoner who was repeatedly denied access to the bathroom failed to state Eighth Amendment claim). For these reasons, the undersigned recommends that this action be dismissed as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B).

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. §636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of April, 2013.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE