UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE LEE BRYANT                                                                                   PLAINTIFF

v.                                                                       CIVIL ACTION NO. 3:13CV1056-DPJ-FKB

FRANK SHAW, et al.                                                                                DEFENDANTS

ORDER

This § 1983 cause came on this date to be heard upon the Report and Recommendation of the United States Magistrate Judge [33], after referral of hearing by this Court. Magistrate Judge F. Keith Ball, after conducting a *Spears*[1] hearing, recommended dismissal of Bryant's claims as frivolous under 28 U.S.C. § 1915(e)(2)(B)(1). Bryant filed no objection, instead filing a notice of appeal [34]. The Court, having fully reviewed the Report and Recommendation of the United States Magistrate Judge entered in this, finds that the Report and Recommendation should be adopted as the opinion of this Court.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), "the court shall dismiss the case *at any time* if the court determines that . . . the action or appeal . . . is frivolous or malicious." (Emphasis added). A complaint is frivolous "if it lacks an arguable basis in fact or law." *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (citation omitted). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Id*. (citation omitted).

To succeed on his claim asserting that a prison policy that results in him not being able to use the toilet at will violates his Eighth Amendment right to be free from cruel and unusual punishment, Bryant "must satisfy both an objective and subjective component." *Garrett v.*

---

[1] *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985).

*Thaler*, No. 13-40599, 2014 WL 1282619, at *2 (5th Cir. Apr. 1, 2014) (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995)).

> First, he must demonstrate the objective component of conditions "so serious as to deprive prisoners of the minimal measures of life's necessities, as when it denies the prisoner some basic human need." Second, under a subjective standard, the prisoner must establish that the responsible prison officials acted with deliberate indifference to his conditions of confinement.

*Harper v. Showers*, 174 F.3d 716, 720 (5th Cir. 1999) (quoting *Woods*, 51 F.3d at 581) (additional citations omitted).

In this case, Judge Ball held an evidentiary hearing and concluded that Bryant's allegations "do not rise to this level." Report and Recommendation [33] at 2 (citing *Vacca v. Scott*, 119 F. App'x 678, 679 (5th Cir. 2005)). To the extent the claims present a close call on the question of whether they are frivolous under 28 U.S.C. § 1915(e)(2)(B)(i), dismissal would still be appropriate for failure to state a claim under § 1915(e)(2)(B)(ii).

IT IS, THEREFORE, ORDERED that the Report and Recommendation of United States Magistrate Judge F. Keith Ball be, and the same is hereby, adopted as the finding of this Court, and the same entire action should be dismissed with prejudice as frivolous and for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This dismissal counts as a strike under 28 U.S.C. § 1915(g).

A separate judgment will be entered herein in accordance with the Order as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 18th day of April, 2014.

        s/ *Daniel P. Jordan III*
        UNITED STATES DISTRICT JUDGE